# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

Lyle W. Cayce
Clerk

No. 11-20847
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARION BEVERLY METOYER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-480-4

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marion Beverly Metoyer appeals her convictions for conspiracy to commit health care fraud, committing health care fraud, and conspiracy to violate the anti-kickback statute in violation of 18 U.S.C. §§ 2, 371, 1347, and 1349. She was sentenced to 21 months of imprisonment and three years of supervised release on each count to run concurrently. She contends there was insufficient evidence that she knew the Durable Medical Equipment (DME) supplier was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

using the information she provided to commit Medicare fraud and that it was illegal for her to be paid for recruiting Medicare beneficiaries.

Metoyer preserved de novo review of the sufficiency of the evidence by moving for a judgment of acquittal at the close of the Government's case and at the end of the trial. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000). In reviewing the sufficiency of the evidence, we examine "whether, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence in support of the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Id.* (citation omitted).

Metoyer approached the Medicare beneficiaries uninvited and offered them scooters or power wheelchairs. She approached at least one beneficiary under false pretenses. Some of these beneficiaries were ambulatory, and there was no evidence that they had prescriptions from their doctors for this equipment. The form that Metoyer completed for the beneficiaries referred to "disaster claim replacements." There was no evidence that these beneficiaries had previously owned scooters or power wheelchairs that had been destroyed in hurricanes, and two forms falsely represented that the beneficiaries had previously owned scooters. Based on the foregoing, the jury could have rationally inferred that Metoyer knew that these beneficiaries were not eligible for reimbursement for the requested DME and that any claims filed with Medicare for reimbursement for this equipment would be fraudulent.

Her employment history and experience in the health care industry further support the jury's implicit rejection of her claim of ignorance of the fraudulent scheme. Metoyer had previously worked as a licensed insurance agent, sold Medicare supplemental insurance policies, and referred Medicare beneficiaries to another DME supplier. She knew that a doctor's prescription was required for reimbursement for DME. Thus, the jury could have inferred

that Metoyer was knowledgeable of basic Medicare reimbursement requirements.

Based on the foregoing, a rational trier of fact could have found that the evidence established beyond a reasonable doubt that Metoyer knew that the DME supplier was using the information she provided to defraud Medicare. *See Ferguson*, 211 F.3d at 882. Thus, there was sufficient evidence to sustain her convictions for conspiracy to commit health care fraud and health care fraud. Her arguments on appeal amount to a disagreement with the jury's implicit rejection of her testimony that she did not know that the DME supplier was using the information she provided to defraud Medicare. "The jury is solely responsible for determining the weight and credibility of the evidence; this court will not substitute its own determination of credibility for that of the jury." *United States v. Casilla*, 20 F.3d 600, 602 (5th Cir. 1994). From the aforementioned evidence, the jury was entitled to disbelieve Metoyer's claim of ignorance of the fraudulent scheme.

An investigator testified that she and another agent had warned Metoyer that it was illegal to receive any payment for referring a Medicare beneficiary. Although Metoyer testified that she understood this warning differently, the jury was entitled to credit the investigator's testimony over Metoyer's. *See id.* A rational trier of fact could have found that the evidence established beyond a reasonable doubt that Metoyer knew that it was illegal to receive payments or kickbacks for referring Medicare beneficiaries. *See Ferguson*, 211 F.3d at 882. Thus, there was sufficient evidence to sustain her conviction for conspiracy to violate the anti-kickback statute.

The judgment of the district court is AFFIRMED.